## IN RE DISBARMENT OF JOE H. KIRBY.

### (170 N. W. 635).

(File No. 4433.    Opinion filed February 11, 1919.)

**Disbarment—Unprofessional Conduct, Findings Sustaining—Misconduct Re But One Matter—Young Attorney—Non-mercenary Motives, Regret Exhibited, Effect Re Disbarment—Costs.**

Although findings of fact show respondent guilty of unprofessional conduct such as, if that of an older and more experienced lawyer, would disclose him unfit to be a practitioner at the bar, yet, the charges preferred relating but to one matter, his professional conduct otherwise having been free from criticism, and he being barely past his majority, and having been admitted to practice but about five months, and misconduct not appearing to have been prompted by mercenary motives, he having evidenced sincere regret for same and a desire to make good such financial loss as may have resulted to his client through his misconduct; the proceedings will be dismissed, but at respondent's cost.

Original proceedings.    In re disbarment proceedings against Joe H. Kirby.    Proceedings dismissed.

*C. C. Caldwell,* Attorney General, and *B. S. Payne,* Assistant-Attorney General, representing the Court.

*Aikens & Judge,* for Respondent.

WHITING, J.    This proceeding was heard by this court and our findings of facts and conclusions of law are on file.    Reference is made to such findings and conclusions as well as to the transcript of evidence.

[1] From the findings of fact it appears that respondent, a duly admitted attorney at law of this court, was guilty of unprofessional conduct such as, if that of an older and more experienced lawyer, would disclose him unfit to be a practitioner at the bar of this or any other court.

The misconduct charged and proven relates to but one matter, and, so far as we are advised, his professional conduct has in

other matters been free from cause for criticism. He was, at the time of said misconduct, barely past his majority, and had been admitted to practice but four or five months. Such misconduct does not appear to have been prompted by mercenary motives. Moreover, he has evidenced a sincere regret for same, as well as a desire to make good such financial loss as may have resulted to his client through his misdoing.

We are convinced that respondent is now and will continue to be a proper person to practice law in the courts of this state. This proceeding is therefore dismissed, but at respondent's cost.